Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:  (310) 400-5890
Facsimile:  (310) 400-5895
Attorneys for Plaintiff,
**J.B., a Minor, by and through his**
**Guardian Ad Litem, ROSE ESPARAZA**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B., a Minor, by and through his Guardian Ad Litem, ROSE ESPARAZA, <br><br> Plaintiff, <br> vs. <br><br> COUNTY OF LOS ANGELES and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:19-cv-10607 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983 <br> 2. Excessive Force and Denial of Medical Care - 42 U.S.C. § 1983 <br> 3. Substantive Due Process (42 U.S.C. § 1983) <br> 4. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983) <br> 5. Battery (Cal. Govt. Code § 820) <br> 6. Negligence (Cal. Govt. Code § 820) <br> 7. Violation of California Government Code § 845.6 <br> 8. Intentional Infliction of Emotional Distress |

Plaintiff J.B., by and through his Guardian Ad Litem, ROSE ESPARAZA, individually, complains of Defendants COUNTY OF LOS ANGELES and DOES 1 through 10 inclusive, as follows:

## JURISIDICTION AND VENUE

1.     This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4)

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*(left margin, rotated text)* 3756 Santa Rosalia Drive, Ste#326 Los Angeles, CA 90008 T: (310) 400-5890 | F: (310) 400-5895

because Plaintiff asserts claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

2. This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

### CLAIMS STATUTE REQUIREMENT

4. On or about September 23, 2019, Plaintiff filed a timely Governmental Claim for Damages with the County of Los Angeles. *See* Ex. A attach. to the Comp. On or about November 5, 2019 said Claim for Damages was denied by the County of Los Angeles. *See* Ex. B attach. to the Comp

### PARTIES

5. At all relevant times herein, J.B., by and through his Guardian Ad Litem, ROSE ESPARAZA (hereinafter referred to as "J.B." or "Plaintiff") was an individual residing in the City of Los Angeles, County of Los Angeles, California.

6. At all relevant times herein, ROSE ESPARAZA was an individual residing in the City of Los Angeles, County of Los Angeles, California and is the natural mother and Guardian Ad Litem of the Plaintiff, J.B.

7. At all relevant times herein, the Los Angeles Sheriff's Department ("LASD") was a department of the Defendant COUNTY OF LOS ANGELES ("COLA"), a public entity duly organized and existing under the laws of the State of California, and was responsible for the hiring, retaining, training and supervision of the conduct, policies and practices of its employees and agents of the LASD and all of its members, agents and employees.

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

8.    At all relevant times, Defendant DOES 1-10 ("DOE Deputies"), individually and as a peace officers, were duly authorized employees and agents of COLA, who were acting under color of law, within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant COLA.

9.    In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers, were acting on the implied and actual permission and consent of the COLA.

10.    At all times mentioned herein, each and every COLA defendant was the agent of each and every other COLA defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COLA defendant.

11.    Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOES 1-10. Plaintiff is informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful and wanton misconduct, including creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

### FACTS COMMON TO ALL COUNTS

12.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-11 as though set forth in full herein.

13.    On or about March 31, 2019 at approximately 10:45 p.m., while walking with a friend down West Alondra Blvd. towards South Center Avenue in Compton, CA,

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC LAW GROUP, APC

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

fifteen-year-old Claimant J.B. was racially profiled by Los Angeles Sheriff Deputies and shot at several times.

14.     Without reasonable suspicion or probable cause to believe that J.B., who is Latino, was a danger to the officers or the public, and despite the fact that J.B. was simply walking on a public sidewalk, Los Angeles Sheriff Deputies shot J.B. from behind, causing J.B. severe and potentially permanent injuries to his left leg.

15.     Before the shooting, J.B. observed DOE Deputies drive down West Alondra Blvd. towards South Wilmington Avenue. After passing J.B. and his friend, Jose, DOE Deputies made a U-turn. At this point, J.B. began slowly jogging.

16.     On information and belief, less than five seconds after J.B. began jogging, DOE Deputies fired several shots at J.B. and his friend, Jose, from behind.

17.     On information and belief, DOE Deputies did not give J.B. any warning or command before shooting at him from behind.

18.     J.B. sustained one gunshot wound to his left leg as a result of the shooting.

19.     J.B.'s friend, Jose, sustained approximately eight gunshot wounds.

20.     Following the incident, J.B. was taken in an ambulance to St. Francis Hospital for treatment.

21.     Shortly after J.B.'s gunshot wound was examined by a medical professional, DOE Deputies handcuffed J.B. and took him to the Los Angeles Sheriff's Station, disregarding the fact that the bleeding from J.B.'s gunshot wound had yet to subside.

22.     Upon arriving to the Los Angeles Sheriff's Station, DOE Deputies exited the patrol vehicle and left J.B. handcuffed in the backseat of their patrol car in the station's parking lot. J.B.'s leg continued to bleed, causing the hospital gown he was wearing to become soaked with his blood.

23.     J.B. remained in the station's parking lot, while handcuffed and bleeding, in the backseat of a patrol vehicle for approximately six hours. Over the course of those six hours DOE Deputies moved J.B. to three or four different patrol cars, due to J.B.'s excessive bleeding.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PC LAW GROUP, APC

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24.   On information and belief, at approximately 7:00 a.m., J.B. was taken by DOE Deputies to Los Padrinos Juvenile Hall.

## MONELL ALLEGATIONS

25.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COLA is liable for all injuries sustained by Plaintiff set forth herein.  COLA bears liability because its policies, practices and/or customs were a cause Plaintiff's injuries.  COLA and its officials maintained or permitted one or more of the following official policies or customs:

A.   Failure to provide adequate training and supervision to LASD deputies with respect to constitutional limits on the use of force and detention;

B.   Failure to adequately investigate, take appropriate corrective action, discipline or retrain deputies involved in misconduct;

C.   Selection, retention, and assignment of deputies with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

D.   Condonation and encouragement of deputies' belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

E.   Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint; and

F.   Failure to train deputies and press staff to report accurate information to public to protect the dignity of all persons and their family members.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiff against Defendant DOES 1-10, inclusive)**

26.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste #326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

27.    Defendants, individually and as peace officers, caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.    As a result of the conduct of Defendants, individually and as peace officers, they are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

29.    Plaintiff was detained without reasonable suspicion and arrested without probable cause.

30.    The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

31.    Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

### (Plaintiff against Defendant DOES 1-10, inclusive)

32.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

33.    Defendants, individually and as peace officers, unjustified shooting deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.    Both prior to and during the time in which the Defendant DOE Deputies injured Plaintiff, Plaintiff posed no reasonable threat of violence or danger to the Defendant DOE Deputies or to any other individual, as he was not armed with any

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

kind of weapon. Furthermore, Plaintiff made no aggressive movements, furtive actions or physical movements that would have suggested to a reasonable deputy that Plaintiff was armed with any kind of weapon, or had the will or the ability to inflict substantial bodily harm against any individual. In fact, Plaintiff was headed in the opposite direction of Defendant DOE Deputies with his back turned to them.

35.     Both prior to and during the time in which the Defendant DOE Deputies shot and injured Plaintiff, Plaintiff did not consent to the use of force used upon him. Moreover, Plaintiff acted within his legal right to walk and jog along the public sidewalk at the time he was approached by the Defendant DOE Deputies.

36.     As a result of Defendant DOE Deputies' use of excessive force, Plaintiff suffered economic damages, as well as extreme pain and suffering for which he is entitled to recover damages.

37.     As a result of the conduct of Defendant DOE Deputies, individually and as peace officers, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

38.     Defendant DOE Deputies, individually and as peace officers, knew their failure to provide Plaintiff adequate medical treatment created a substantial risk of further significant injury and/or the unnecessary and wanton infliction of pain. Defendant DOE Deputies were deliberately indifferent to Plaintiff's serious medical need, causing him extreme pain and suffering.

39.     This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff had done nothing violent before, during and after he was shot at several times.

40.     The conduct of Defendant DOE Deputies was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE Deputies, individually.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC
LAW GROUP, APC

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

41. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Substantive Due Process (42 U.S.C. § 1983)

### (Plaintiff against Defendant DOES 1-10, inclusive)

42. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

43. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscious, including but not limited to, Defendant DOE Deputies' unwarranted firing of several shots at Plaintiff.

44. The aforementioned actions of Defendant DOE Deputies, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

45. As a direct and proximate cause of the shooting by Defendant DOE Deputies, individually and as a peace officers, Plaintiff suffered mental anguish, emotional disress and a wounded leg, for which he is entitled to recover damages.

46. The conduct of Defendant DOE Deputies, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE Deputies.

47. Plaintiff seeks punitive damages against the individual Defendant DOE Deputies.

48. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

8

## FOURTH CAUSE OF ACTION

**Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)**

**(Plaintiff against Defendant COLA)**

49.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

50.     Defendant COLA is, and at all times herein mentioned has been, a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant COLA possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LASD and its tactics, methods practices, customs and usages.

51.     At all times herein mentioned, Defendant DOE Deputies and each of them, were employees acting under the COLA's direction and control, who knowingly and intentionally promulgated, maintained, applied and enforced the continuation of policies, customs, practices and usages in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Said customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers, who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies for the COLA.

52.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant COLA and LASD include, but are not limited to:

     a. Defendant COLA and LASD tacitly condones and encourages use of excessive force against citizens;

     b. Defendant COLA and LASD tacitly condones and encourages unlawful arrest of citizens;

     c. Defendant COLA and LASD tacitly condones and encourages denial of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste #326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

adequate medical care for citizens;

d. Defendant COLA and LASD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by LASD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety, protection of citizens rights and the Plaintiff's liberty interests;

e. Defendant COLA and LASD refused to adequately discipline individual employees found to have committed similar acts of misconduct as alleged in this Complaint;

f. Defendant COLA and LASD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by COLA and LASD employees;

g. Defendant COLA and LASD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other COLA and LASD employees;

h. Defendant COLA and LASD covered up acts of misconduct and abuse by COLA and LASD employees and sanctioned a code of silence by and among LASD deputies;

i. Defendant COLA and LASD failed to adequately supervise the actions of employees under its control;

j. Defendant COLA and LASD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct; and

k. Defendant COLA and LASD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by March 31, 2019, and thereafter, represented the unconstitutional policies, practices and customs of the COLA and LASD.

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

P|C LAW GROUP, APC

53.    Defendant COLA and LASD's wrongful arrest, unlawful use of force and denial of adequate medical care alleged herein are part of a practice and pattern of the COLA's unlawful mistreatment and criminalization of Hispanic males.

54.    The following list exemplifyies the aforementioned policies, customs, practices and usages of Defendants COLA and LASD:

a.  The LASD  has a history of deputy misconduct.  An 86-page report by the Los Angeles County Office of Independent Review detailed allegations against LASD deputies of sexual misconduct, false police reports and lies about uses of force in its eleventh annual review.[1]

b.  The United States Department of Justice has also found that the LASD has a history and practice of misconduct that has led to grand deprivation of constitutional rights.  On April 28, 2015, the LASD and the U.S. Department of Justice entered a settlement regarding allegations of long-standing civil rights abuses.  The U.S. Department of Justice discovered the LASD violated the U.S. Constitution by conducting unconstitutional stops, searches, seizures and excessive force against minority communities.[2]

c.  News reports reveal that the LASD's history of misconduct continues. On April 19, 2018, Daniel Lollis was the victim of excessive force and unnecessarily arrested by LASD deputies during a traffic stop. [3]

d.  The unconstitutional practices of the LASD lead to civil rights violations for compliant persons. LASD deputies were caught on video pushing and shoving an elderly Black woman who attempted to comply

---

[1] Sarah Favot, *Los Angeles Sheriff's Department annual review finds sex, lies and videotape*, WHITTIER DAILY NEWS, Jan. 23, 2014.

[2] Olivia Harris, *Los Angeles County Sheriff Department Makes Long-Standing Civil Rights Settlement*, STOCK WATCH, Apr. 29, 2015.

[3] Bill Melgen, *Lynwood Man Claims LASD Deputies Used Excessive Force During His Arrest*, FOX11 (Aug. 1, 2018, 9:37 PM), http://www.foxla.com/news/local-news/lynwood-man-claims-lasd-deputies-used-excessive-force-during-his-arrest.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

with a LASD deputy's request that she move from the reserved seating section.[4]

e. The unconstitutional practices of the LASD also lead to civil rights violations for persons unaware of why deputies interacted with them. Nolan Hillis, a developmentally challenged African-American male, was aggressively approached and questioned by deputies, who then applied excessive force when Hillis response was unintelligible.[5]

f. In another case, the Court found in favor of plaintiff and held LASD deputies violated the prohibition of excessive force when they completed an unlawful entry into plaintiff's shack, failed to obtain a warrant, failed to announce themselves and shot plaintiffs after one raised a BB gun in defense.[6]

g. Jury found in favor of inmates that LASD deputies used excessive force to remove the inmates from their cells.[7]

h. In January 2010, COLA agreed to pay a Plaintiff $900,000 to a prisoner who lost his foot due to LASD inadequate medical care.[8]

i. In October 2019, COLA agreed to pay a Plaintiff $1,300,000 who alleged excessive force and inadequate medical care.[9]

j. There is also a concern that LASD does not properly address the culture of deputy gangs that contribute to deputy misconduct. Los Angeles Times reported the LASD continues to fail in properly investigating their deputies for deputy gang groups. The LASD continues to face criticism over gang-like deputy groups and their

[4] *LA Civil Rights Leaders Call for Suspension of Sheriff's Deputies in Video Taped Assault of Elderly Woman*, ELECTRONIC URBAN REPORT, May 20, 2017.
[5] *Hillis v. County of Los Angeles*, No. CV1407186 (C.D.Cal. filed Sept. 15, 2014).
[6] *Mendez v. County of Los Angeles*, 897 F.3d 1067 (9th Cir. 2018).
[7] *Rodriguez v. County of Los Angeles*, No. 10-6342 (C.D.Cal. May 29, 2014).
[8] *Silva v. County of Los Angeles*, 215 F. Supp. 2d 1079 (C.D. Cal. 2002).
[9] *Rogers v. County of Los Angeles*, 2017 WL 10574366.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

failure to root out the agency's subculture of tattooed deputy gangs.[10]

k. In a wrongful death suit, Judge Michael P. Vicencia highlighted the concern of the deputy gangs by ruling that the LASD must reveal the names of deputies who have matching skull tattoos.  There was a concern that cliques within the LASD promote excessive force.[11]

l. The LASD also has a history of retaining deputies that have a known history of misconduct. The Los Angeles Times discovered a secret LASD list that includes 300 deputies with a history of dishonesty and misconduct.[12]

m. The LASD also has a practice of re-hiring deputies with a history of misconduct.  LASD Sheriff Alex Villanueva currently faces criticism for the re-hiring of a deputy who has a history of misconduct allegations, is regarded as a member of a deputy gang called the Reapers and has admitted to having a tattoo that represents his membership in said deputy gang.[13]

n. Public reports also state that LASD deputy misconduct claims payouts reflect the growing distrust of law enforcement and public scrutiny concerning deputies' use of force.[14]

o. The LASD also has a history of insufficient training of their deputies with regard to proper Fourth Amendment standards for reasonable

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC
LAW GROUP, APC

---

[10]Maya Lau, *L.A. County Sheriff's Department Pays Price as Clandestine Deputy Cliques Persist*, LOS ANGELES TIME (Oct. 27, 2018, 5:00 AM), https://www.latimes.com/local/lanow/la-me-sheriff-tattoo-liability-20181027-story.html.

[11] Maya Lau and Nicole Santa Cruz, *Wanting to Know About Deputies' Ink; Judge Says Sheriff's Officials Must Reveal If They Know Names of the Deputies with Matching Skull Tattoos*, LOS ANGELES TIMES, Oct. 26, 2018.

[12] Maya Lau, Ben Poston, and Corina Knoll, *A Times Investigation; A Secret List of Deputy Misconduct*, LOS ANGELES TIMES, Dec. 10, 2017.

[13] Maya Lau and Matt Stiles, *Rehired Deputy Admitted Having Tattoo; Swirling Misconduct Allegations and Claims of Secret Societies Put Sheriff Under Scrutiny Over Reinstatement*, LOS ANGELES TIMES, Mar. 29, 2019.

[14] *Sheriff's Payouts*, EL PASO TIMES, Apr. 10, 2017.

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

suspicion, probable cause, use of force and incident reporting.

55.    On information and belief, Defendant DOE Deputies attended training programs related to anti-discrimination prior to the incident with Plaintiff.

56.    On information and belief, Defendant DOE Deputies attended training programs related to use of force prior to the incident with Plaintiff.

57.    On information and belief, Defendant DOE Deputies attended training programs related to investigation of crimes and lawful arrest prior to the incident with Plaintiff.

58.    Despite Defendant DOE Deputies receiving training that was designed to prevent the conduct described in this Complaint, DOE Deputies violated Plaintiff's constitutional rights as described in this Complaint.

59.    Prior to the incident, COLA knew that its training program was insufficient to prevent the type of civil rights violations Plaintiff suffered but did nothing to prevent said misconduct.

60.    The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiff to be subjected to the unconstitutional acts of Defendant DOE Deputies on March 31, 2019.

61.    By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution were violated.

## SIXTH CAUSE OF ACTION

### Battery – (Cal. Govt. Code § 820)

### (Plaintiff against Defendants COLA and DOES 1-10, inclusive)

62.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

63.    Defendant DOE Deputies, individually and as a peace officers, while working as a Deputies for the COLA Sheriff's Department, and acting within the course and

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

14

PLAINTIFF'S COMPLAINT FOR DAMAGES

scope of their duties, intentionally shot Plaintiff.

64. As a direct and proximate result of the actions by the Defendant DOE Deputies, Plaintiff suffered extreme and severe mental anguish and pain for which the Plaintiff is entitled to recover damages. Defendant DOE Deputies had no legal justification for using force against Plaintiff, and said Defendants' force was unreasonable, especially since Plaintiff did not commit any crime before, during or after he was shot at several times.

65. COLA is vicariously liable for the wrongful acts of Defendant DOE Deputies, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

66. The conduct of Defendant DOE Deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to each individual Defendant.

**SEVENTH CAUSE OF ACTION**

**Negligence – (Cal. Govt. Code § 820)**

**(Plaintiff against Defendants COLA and DOES 1-10, inclusive)**

67. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

68. The actions and inactions of the Defendant DOE Deputies, individually and as peace officers, were negligent and reckless, including but not limited to:

    a. The failure to properly assess the need to detain, arrest, and use force or deadly force against Plaintiff;

    b. The negligent tactics and handling of the situation with Plaintiff;

    c. The negligent detention, arrest, and use of excessive force against

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

Plaintiff;

    d.  The failure to provide adequate medical care to Plaintiff;

    e.  The failure to properly train and supervise employees, both professional and non-professional, including Defendant DOE Deputies; and

    f.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

69.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered severe pain and suffering for which Plaintiff is entitled to recover damages. Also, as a direct and proximate result of Defendants' conduct alleged above, Plaintiff has suffered and will continue in the future to suffer: depression, mental anguish and emotional distress which has led to physical and bodily injury, sleeplessness, inconvenience, loss of enjoyment of life and other losses from the date of said acts.

70.    COLA is vicariously liable for the wrongful acts of Defendant DOE Deputies, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

71.    The amount of Plaintiff's damages is not presently known, but he will seek leave of Court to amend this Complaint when the exact amount of such damages has been ascertained or will prove the same at trial.

72.    The above-recited actions of Defendant DOE Deputies were done with malice, fraud, or oppression and reckless disregard of Plaintiff's rights. Defendant DOE Deputies engaged in their offensive conduct despite their awareness of the effect on Plaintiff. As a result of these and other actions, Plaintiff is entitled to an award of punitive damages against all individual Defendants.

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3756 Santa Rosalia Drive, Ste #326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC
LAW GROUP, APC

## SEVENTH CAUSE OF ACTION

### Violation of California Government Code § 845.6

### (Plaintiff against Defendants COLA and DOES 1-10, inclusive)

73.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

74.    As Plaintiff sat in a LASD patrol car with a bleeding leg for several hours, Defendant DOE Deputies knew or had reason to know that Plaintiff was in need of immediate medical care and failed to take reasonable action to summon such medical care.

75.    As a direct and proximate cause of Defendants' aforementioned acts, Plaintiff was injured as set forth above.

76.    COLA is vicariously liable for the wrongful acts of Defendant DOE Deputies, as peace officers, pursuant to Section 845.6 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees acting within the scope of their employment, when an employee knows or has reason to know that a prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

77.    Plaintiff's injuries entitle him to damages pursuant to California Government Code § 845.6.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff against Defendants COLA and DOES 1-10, inclusive)

78.  Plaintiff incorporates by reference and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

79.  Defendant DOE Deputies' actions and inactions detailed above, including but not limited to unjustifiably shooting at Plaintiff several times and failing to provide Plaintiff adequate medical care, were done either with the intent to cause emotional

PLAINTIFF'S COMPLAINT FOR DAMAGES

distress or with reckless disregard of the probability of causing such emotional distress.

80.     As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered and will continue in the future to suffer:  depression, mental anguish and emotional distress which has led to physical and bodily injury, sleeplessness, inconvenience, loss of enjoyment of life and other losses from the date of said acts.

81.     COLA is vicariously liable for the wrongful acts of Defendant DOE Deputies, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

82.   The amount of Plaintiff's damages is not presently known, but he will seek leave of Court to amend this Complaint when the exact amount of such damages has been ascertained or will prove the same at trial.

83.   The above-recited actions of Defendant DOE Deputies were done with malice, fraud, or oppression, and reckless disregard of Plaintiff's rights.  Defendants DOE Deputies engaged in their extreme and outrageous conduct despite their awareness of the effect on Plaintiff.  As a result of these and other actions, Plaintiff is entitled to an award of punitive damages against all individual Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests relief as hereinafter provided.

1.     For compensatory (or general) damages in an amount to be proven at trial;

2.     For punitive damages against the individual defendants in an amount to be proven at trial;

3.     For prejudgment interest;

4.     For an award of special damages in the amount to be proven at trial;

5.     For reasonable costs of this suit incurred herein;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

6.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 & Civ. Code § 52.1(h) and costs as provided by law;

7.    For such further other relief as the Court may deem just, proper and appropriate.

Dated: December 16, 2019              **PLC LAW GROUP, APC**

*/s/ Na'Shaun L. Neal*
Na'Shaun L. Neal
Peter L. Carr, IV
Attorneys for Plaintiff J.B., a Minor, by and through his Guardian Ad Litem, ROSE ESPARAZA

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895



19

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: December 16, 2019                    **PLC LAW GROUP, APC**

*/s/ Na'Shaun L. Neal*
Na'Shaun L. Neal
Peter L. Carr, IV
Attorneys for Plaintiff J.B., a Minor, by and through his Guardian Ad Litem, ROSE ESPARAZA

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

20

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**EXHIBIT A**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Executive Officer
Board of Supervisors
County of Los Angeles
Attention: Claims
500 W. Temple Street, Room 383
Los Angeles, California 90012

neopost
09/24/2019
US POSTAGE $000.35⁰

FIRST-CLASS MAIL

ZIP 90012
041M12252502

Claim of:  B, J. BY ESPARAZA, ROSE (GAL) - Claim

File Number:      19-1154908*001

Board Number:     19-3229

Reference Num:

Filed on:         9/23/2019

PLC LAW GROUP

ATTN: PETER L CARR, IV
3756 SANTA ROSALIA DRIVE, SUITE 326
LOS ANGELES, CA  90008

The above claim has been referred
to County Counsel for investigation.
You will not receive a response for
at least 60 days.  After that period,
please direct any questions to County
Counsel at (213) 974-1913.

**EXHIBIT B**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

MARY C. WICKHAM
County Counsel

November 5, 2019

Peter L. Carr, IV
Na' Shaun L. Neal
PLC Law Group, APC
3756 Santa Rosalia Dr., Suite 326
Los Angeles, California 90008

|  |  |  |
|---|---|---|
| **Re:** | **Claim Presented:** | **September 18, 2019** |
|  | **File Number:** | **19-1154908\*001** |
|  | **Your Client:** | **B., J. (A Minor) by Esparaza, Rose** |

Dear Mr. Carr:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **September 18, 2019**, was rejected by operation of law on **November 5, 2109**. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.102717512.1

Peter L. Carr, IV
November 5, 2019
Page 2


You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

MARY C. WICKHAM
County Counsel


By

RUBEN BAEZA, JR.
Assistant County Counsel
Litigation Monitoring Team


RB:nt

HOA.102717512.1

**PROOF OF SERVICE**

File No. 19-1154908*001

STATE OF CALIFORNIA, County of Los Angeles:

Nicole N. Thomas states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on **November __7__, 2019**, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Peter L. Carr, IV
Na' Shaun L. Neal
PLC Law Group, APC
3756 Santa Rosalia Dr., Suite 326
Los Angeles, California 90008

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November __7__, 2019**, at Los Angeles, California.

_____          _____
      Nicole N. Thomas                              (SIGNATURE OF DECLARANT)
     (NAME OF DECLARANT)

HOA.102717516.1